UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHNNY SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-00221-WTL-DML |
| ) | |
| PLAINFIELD CORRECTIONAL FACILITY, ) | |
| MURAT POLAR M.D., ) | |
| CORIZON HEALTH, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Background**

Plaintiff Johnny Sloan, an inmate currently confined at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983. He names the following defendants: 1) Plainfield Correctional Facility; 2) Dr. Murat Polar; and 3) Corizon Health ("Corizon"). Each defendant is sued in his official and individual capacities. Mr. Sloan seeks compensatory and punitive damages and injunctive relief.

Mr. Sloan has paid the initial partial filing fee. The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

## II. Screening

The incidents alleged in the complaint occurred at the Plainfield Correctional Facility ("Plainfield"). Mr. Sloan alleges that he arrived at Plainfield on January 17, 2015. He was in a wheelchair "due to his disabilities and large size." Complaint, Dkt. 1, p. 1. He was housed in the North Dorm which has a 4X4 handicap shower stall. He was unable to maneuver, however, in the limited space and it lacked handicap rails. He had to borrow another inmate's cane to get in and out of the shower. The shower had what he alleges to be an unstable, slick plastic chair.

On or about March 23, 2015, Mr. Sloan slipped and fell while attempting to get out of the shower, injuring his shoulder and knee. He saw medical staff that day and was told to apply ice. He received months of medical treatment for his shoulder, but on June 12, 2015, an MRI allegedly showed a "tear on the rotor cuff." Dkt. 1, p. 2. He alleges, however, that medical staff told him there was no tear. He received no further treatment and remains unable to push himself in his wheelchair due to pain and reduced mobility.

On March 23, 2015, after he fell, Mr. Sloan notified prison staff that the North Dorm shower was not handicap accessible in that there were no handicap rails and no benches upon which to sit. In mid-April 2015, Mr. Sloan was moved to East Dorm which had a shower equipped with what he alleges was an unstable shower seat made from PVC piping and topped with a toilet seat. In June 2015, Mr. Sloan was moved to J Dorm and the shower there had a step into it, which made it unusable for him without assistance from other inmates. He alleges that having non-handicap accessible showers was negligent and deliberately indifferent to his health and safety.

In addition, Mr. Sloan alleges that on "many occasions" he was denied time in the recreation area because there was "no wheelchair ramp around the other side of there [sic] area

and hoped and requested prison staff would unlock it to allow him entry to the rec area." Dkt. 1, p. 2. He alleges this constituted the denial of basic human needs.

Mr. Sloan's claims are each discussed below.

As noted, Mr. Sloan's claims are brought under 42 U.S.C. § 1983. Any claim against Plainfield is **dismissed for failure to state a claim upon which relief can be granted** because it is a building, not a suable entity under section 1983.

Any claim for injunctive relief is **denied as moot** because Mr. Sloan is no longer confined at Plainfield. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 n. 3. (7th Cir. 2012).

*Deprivation of Exercise Claim – Constitutional Claim*

The Court acknowledges that exercise is "a necessary requirement for physical and mental well-being," however, "short-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation." *Delaney v. DeTella,* 256 F.3d 679, 683-84 (7th Cir. 2001) (collecting cases). The complaint is not specific enough to state a viable Eighth Amendment claim with regard to the alleged denial of time in the recreation area. It is not alleged that Mr. Sloan was deprived of all exercise, inside and outdoors, nor is it clear what "many occasions" means, or whether the denial of exercise was sporadic depending on where prison staff were stationed at various times. "Allowing inmates only two showers and four hours of outside recreation each week does not violate the Eighth Amendment." *Vasquez v. Braemer,* 586 Fed.Appx. 224, 228 (7th Cir. 2014) (collecting cases that approved of three hours weekly of outdoor recreation when indoor exercise was allowed). In addition, no defendant was alleged to have denied Mr. Sloan exercise. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). For these reasons, the Eighth Amendment denial of exercise claim is **dismissed for failure to state a claim upon which relief can be granted.**

*Lack of Accessible Showers – Constitutional Claim*

To be unconstitutional under the Eighth Amendment, deprivations must be "serious deprivation[s] of basic human needs" and deprive the prisoner of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Morris v. Ley,* 331 Fed.Appx. 417, 420, 2009 WL 1784081 (7th Cir. 2009) (citing *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006)).

Mr. Sloan does not allege that he was deprived of taking showers, or if he was, how often. Mr. Sloan alleges that he can use a cane to get in and out of the shower. He also alleges that with other inmates' assistance, he can access a "step into" shower. He does not allege that he cannot wash himself in a sink. Having to use a plastic chair in a shower, absent other conditions that would prevent Mr. Sloan from having access to adequate hygiene, does not state a claim under the Eighth Amendment. *Strominger v. Brock,* No. 14-1310, 592 Fed.Appx. 508, 511 (7th Cir. 2014) (giving Strominger a plastic chair for use in the shower for 34 days and again for 133 days did not constitute the denial of minimal civilized measure of life's necessities). The Seventh Circuit has held that an allegation that taking a shower is made more difficult by the absence of grab bars is not sufficient to state a constitutional claim. *Jaros,* 684 F.3d at 671 ("limiting inmates to weekly showers does not violate the Eighth Amendment").

Moreover, Mr. Sloan alleges that having inaccessible showers was negligent on the part of prison officials, but negligence is not sufficient to support a constitutional claim. *Armato v. Grounds,* 766 F.3d 713, 721 (7th Cir. 2014) ("Deliberate indifference requires more than

negligence"); *Strominger,* 592 Fed.Appx. at 512. Therefore, the Eighth Amendment claim relating to inaccessible showers is **dismissed for failure to state a claim upon which relief can be granted.**

*Americans with Disabilities Act and Rehabilitation Act Claims*

The Court has also *sua sponte* considered whether Mr. Sloan's allegations of inaccessible showers and lack of a wheelchair ramp state claims under the Americans with Disabilities Act, 42 U.S. C. § 12101, *et. seq*. (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 (the "RA"). Compensatory damages are available under the ADA and RA only for "claims of intentional discrimination." *Wilke v. Cole,* 630 Fed.Appx. 615, 620 (7th Cir. 2015). These statutes, generally speaking, prohibit public entities, including prisons, from discriminating against disabled individuals. *See Pennsylvania Dept. of Correction v. Yeskey,* 524 U.S. 206, 210 (1998).

The relief available under the ADA and RA for failure to accommodate a disability is "coextensive." *Jaros,* 684 F.3d at 671. Because Mr. Sloan can have only one recovery, and because there are "thorny" issues of whether without a constitutional violation, sovereign immunity might bar the ADA claim, *see id.* at 672, the Court shall consider only the RA claim. *Id.* (deciding to "dispense with the ADA and the thorny question of sovereign immunity" and only consider whether a RA claim was viable). To state a RA claim, an inmate must allege "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Id.* (citing 29 U.S.C. § 705(2)(B) and other cases). The proper defendant under these circumstances would be the Indiana Department of Correction, a defendant not named in the complaint.

The Court acknowledges that Mr. Sloan did not allege these statutory claims. He may determine whether he wishes to pursue a RA claim relating to the inaccessible showers and lack of a wheelchair ramp at Plainfield. If he wishes to pursue them in this action, he shall **notify the Court not later than April 19, 2017.** If he does not so notify the Court**,** no RA claim will proceed in this action.

*Denial of Treatment – Constitutional Claims*

Mr. Sloan also alleges that his Eighth Amendment rights were violated when he was denied medical treatment, but this claim is misjoined. This claim is distinct from the inaccessibility claims. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 20 allows joinder of multiple defendants only when the allegations against them involve the same transaction or occurrence and common questions of fact and law. Mr. Sloan's denial of medical treatment claim does not involve the same occurrences or common questions of fact and law as those that may relate to the failure to properly accommodate his disability. *See Strominger*, 592 Fed.Appx. at 512 (affirmed dismissal of deliberate indifference claims against a doctor as not properly joined with failure to accommodate claims).

In addition, although Dr. Polar and Corizon are named defendants, Mr. Sloan does not specifically allege that Dr. Polar denied him necessary medical treatment nor does he allege facts supporting a claim that Corizon had a policy or custom of denying inmates medical treatment under similar circumstances. Therefore, as presented, the complaint does not state a viable claim of deliberate indifference to a serious medical need under the Eighth Amendment against any defendant. "Where a complaint alleges no specific act or conduct on the part of the defendant

and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Because any denial of medical treatment claims are misjoined and are not alleged against any named defendant, such claims could proceed, if at all, only in a separate action with an amended complaint. For purposes of this action, the claims are **dismissed for failure to state a claim upon which relief can be granted.** If the plaintiff wishes to pursue any Eighth Amendment deliberate indifference claims, he may file a new action alleging facts supporting such claims, including which individuals or entities denied him necessary medical treatment. He is informed that the applicable statute of limitations for such claims is two years.

### III. Conclusion

For the reasons discussed in this Entry, the complaint, as presented, is **dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).**

The plaintiff shall have **through April 21, 2017,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If the plaintiff wishes to amend his complaint, he shall place the proper case number, 1:17-cv-00221-WTL-DML, and the words "Amended Complaint" on the first page of the amended complaint. In addition, Mr. Sloan has been given the same deadline in which to report whether he wishes to pursue claims under the Rehabilitation Act against the Indiana Department of Correction.

Any amended complaint must be complete because it would replace the original complaint in its entirety.

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

*William T Lawrence*

Date:  3/27/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHNNY  SLOAN
145700
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362